RECEIVED

DEC 0 5 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| NORMA R. PRICE | CIVIL ACTION NO. 04-1825 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JO ANNE B. BARNHART | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Norma R. Price's ("Price") appeal from a decision of the Commissioner of Social Security ("Commissioner") denying her application for benefits for the period between November 21, 2002, through August 31, 2004. On August 31, 2005, Magistrate Judge Karen L. Hayes issued a Report and Recommendation in which she recommends that the Court affirm the decision of the Commissioner.

For the following reasons, the Court DECLINES TO ADOPT the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation. The decision of the Commissioner to deny benefits is REVERSED, and the case is REMANDED for further proceedings consistent with this Ruling.

## I. FACTS AND PROCEDURAL HISTORY

On December 13, 2002, Price filed an application for Disability Insurance Benefits, alleging a disability onset date of November 21, 2002, on the basis of coronary artery disease,

1

recurrent transient ischemic attacks[1], and diabetes. Price's application was initially denied, and

she filed a timely request for hearing. A hearing was held on December 19, 2003, before

Administrative Law Judge ("ALJ") Nancy Griswold. On March 2, 2004, the ALJ rendered an

unfavorable decision, which Price appealed. On July 12, 2004, the Appeals Council denied

review, and the adverse decision became the final decision of the Commissioner for purposes of

judicial review.

On September 2, 2004, Price filed the instant appeal.

After briefing by both parties pursuant to the Social Security Case Scheduling Order

issued by the Court, Price's Complaint was referred to Magistrate Judge Hayes for Report and

Recommendation. After thorough review, Magistrate Judge Hayes found that there was

substantial evidence in the record to support the Commissioner's decision and that this decision

was consistent with relevant legal standards. Therefore, on August 31, 2005, Magistrate Judge

Hayes issued a Report and Recommendation [Doc. No. 19] in which she recommended that the

Court affirm the Commissioner's denial of benefits and dismiss Price's appeal.[2]

On September 19, 2005, Price filed objections to the Report and Recommendation [Doc.

No. 20]. The Commissioner filed no response.

---

[1]During a transient ischemic attack, an artery is temporarily blocked causing a brief spell of numbness, weakness, or blindness.

[2]As noted in the Report and Recommendation, the Commissioner found Price to be disabled in September 2004, and she has received benefits since that time. However, the Court agrees with the Magistrate Judge for the reasons stated in the Report and Recommendation that the later determination of the Commissioner has no bearing on the outcome of this appeal.

## II.   LAW AND ANALYSIS

### A.   STANDARD OF REVIEW AND REMAND

The Court reviews *de novo* a magistrate judge's report and recommendation if a party

files specific, written objections within ten days of service. 28 U.S.C. § 636(b)(1). In the present

case, Price timely filed specific objections to Magistrate Judge Hayes' Report and

Recommendation, thus warranting *de novo* review by the Court.

When considering Social Security appeals, the Court is limited by 42 U.S.C. § 405(g) to a

determination of whether substantial evidence exists in the record to support the Commissioner's

decision and whether the decision comports with relevant legal standards. *See Brown v. Apfel*,

192 F.3d 492, 496 (5th Cir. 1999); *McQueen v. Apfel*, 168 F.3d 152, 157 (5th Cir. 1999). For

the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support

a conclusion; it must be more than a scintilla, but need not be a preponderance. *Falco v. Shalala*,

27 F.3d 160, 162 (5th Cir. 1994). A court reviewing the Commissioner's decision may not re-try

factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder. *Fraga v.

Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). The Court does have authority, however, to set

aside factual findings which are not supported by substantial evidence and to correct errors of

law. *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983).

In *Shalala v. Schaefer*, the Supreme Court stated that sentence four and sentence six of 42

U.S.C. § 405(g) provide the exclusive methods by which district courts may remand Social

Security cases to the Commissioner. 509 U.S. 292, 296-97 (1993). Sentence four provides that

"[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a

judgment affirming, modifying, or reversing the decision of the Secretary, with or without

remanding the cause for a rehearing."[3]  42 U.S.C. § 405(g).

## B.    THE COMMISSIONER'S FINDINGS

The ALJ applied the five-part test for evaluating disability claims, *see* 20 C.F.R. §

404.1520, and determined that Price has failed to meet her burden of establishing that her

impairment met or equaled a listed impairment in Appendix 1 of the Regulations (step 3).  The

ALJ also concluded that Price failed to show the impairment prevented her from doing past

relevant work (step 4).

Having conducted a *de novo* review of the entire record, the Court finds that the

Commissioner's decision was derived from an improper application of relevant legal standards

and that the decision is not supported by substantial evidence.

### 1.    ALJ's Failure to Conduct the Analysis Required by 20 C.F.R. § 404.1527

The ALJ improperly rejected the opinion of Price's treating physicians, particularly, her

treating cardiologist, without consideration of the six factors required by the regulations.[4]

In her Report and Recommendation, Magistrate Judge Hayes also found that the ALJ

failed to apply the requisite six factors before declining to give controlling weight to the opinion

of Price's treating physician.  Nevertheless, Magistrate Judge Hayes concluded that there was no

reversible error because the two documents at issue were not medical opinions.  The Court

---

[3]Sentence six of 42 U.S.C. § 405(g), which provides for a remand upon motion of the Commissioner for good cause shown, is not applicable to the present case.

[4]The six factors are as follows: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.  20 C.F.R. § 404.1527(d).

disagrees as to one of the documents.

The first document, a December 9, 2002 letter prepared by Price's cardiologist, Dr. Gonzalez, states that Price was "strongly impaired to perform her work duties." The Court agrees with Magistrate Judge Hayes that this document contains a legal conclusion reserved to the Commissioner, and the ALJ was not required to give it controlling weight. *See Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003) (A physician's opinion that an applicant is disabled has no special significance because this issue is reserved to the Commissioner).

The second document is a Social Security medical assessment form prepared on January 5, 2004, in which Dr. Gonzalez states that Price could not return to work because she could not stand for more than 30 minutes at a time, sit for more than 2 hours a day, occasionally lift more than 5 pounds, or frequently lift more than 2 pounds. In the comments section, Dr. Gonzalez further states "Pt. Had angina recently–cannot return to work[–]cardiac disease."

Magistrate Judge Hayes concluded that this form was "keyed directly to the Commissioner's definition of sedentary" and that it, too, was merely a conclusion that Price was "unable to work," i.e., was disabled. The Court declines to adopt her recommendation as to this document.

The instant case is analogous to the Fifth Circuit's decision in *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000). In *Newton*, the applicant submitted an assessment from her treating physician which was described as follows:

> [Dr.] Pertusi submitted an assessment, dated, January 30, 1995, stating that Newton could occasionally lift up to ten pounds; stand or walk less than two hours per regular work day; sit continuously for thirty minutes at a time, for a total of two hours out of an eight-hour work day; and stand, walk and sit for a combined total of three hours out of an eight-hour work day. Pertusi also found that Newton

was able to reach and handle items and occasionally balance, stoop, kneel, crouch, crawl, reach or drive, but she could not climb or perform repetitive operations of foot controls. Pertusi also stated that Newton should avoid temperature extremes. Pertusi asserted that Newton had been under these restrictions since December 1989 through the date of his assessment. Pertusi based his assessment on diagnoses of SLE, polyarthritis, fatigue, and anemia. He stated that Newton suffered from impairments that could reasonably be expected to produce pain and other symptoms.

209 F.3d at 452-53. On the basis of the record, the ALJ concluded that Newton could not meet her burden at the third and fourth steps.

The Fifth Circuit concluded that, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating physician, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Id.* at 453. An "ALJ's decision must stand or fall with the reasons set forth in the . . . decision, as adopted by the Appeals Council." *Id.* at 455. In *Newton*, the ALJ found that Dr. Pertusi's opinion was not reliable and thus gave it "*no* weight" because he concluded that it was "insufficiently substantiated by clinical or diagnostic evidence, thus was conclusory," but he failed to perform an analysis under the § 404.1527(d) factors. *Id.* The Fifth Circuit reversed and remanded to the Commissioner with instructions that the § 404.1527(d) analysis be performed. *Id.* at 456; *see also Myers v. Apfel*, 238 F.3d 617, 620-21 (5th Cir. 2001) (Citing *Newton,* the Fifth Circuit concluded that the ALJ erred by failing "to take into consideration all of the evidence from the treating doctors . . . [and] . . . also failed to present good cause as to why he should reject [that evidence]"; the ALJ must consider the same six factors used with treating specialists when reviewing the opinions of treating physicians); *cf. Frank*, 326 F.3d at 620 (ALJ was not required

6

to apply the six-factor analysis when physician merely concluded that the patient was "unable to work" because of her injuries and that "[i]t is unknown when the pt. will be able to return.").

In this case, the ALJ improperly rejected Dr. Gonzalez's opinion without addressing the six § 404.1527(d) factors. Although a treating physician's opinion is not conclusive, the ALJ must have "good cause" to reject that opinion, *see Myers*, 238 F.3d at 621, and no such good cause was shown in this case. The ALJ merely indicated that she could not afford "great weight" to the opinions in Dr. Gonzalez's January 5, 2004 assessment because of a November 11, 2003 progress note in which Price had "negative findings," but Dr. Gonzalez states that Price has "done quite well" and that she should "return at the scheduled six month follow up." Transcript, at 17. The ALJ's failure to perform the six-factor analysis or to otherwise show good cause for rejecting Dr. Gonzalez's opinion, particularly when coupled with the lack of additional medical opinion evidence, resulted in prejudice to Price. Accordingly, the decision of the Commissioner must be reversed and the case remanded for further proceedings.

## 2.    The ALJ Improperly Conducted Her Own Medical Review

The Commissioner also erred in finding that there was substantial evidence Price retained the residual functional capacity ("RFC") to perform sedentary work, including her previous work as a secretary. The record before the ALJ did not contain thorough assessments from any physicians as to Price's RFC, other than those of her own treating physician. The ALJ cannot deny disability benefits without some medical opinion that in fact the claimant is capable of gainful employment. *See, e.g., Williams v. Richardson*, 458 F2d. 991, 992 (5th Cir. 1972) (disapproving of hearing officer relying on his own interpretation rather than opinion of qualified medical experts). Moreover, the ALJ has a duty to develop the facts fully and fairly relating to an

applicant's claim for disability benefits, and if he does not satisfy this duty, his decision is not substantially justified. *Newton*, 209 F.3d at 458.

In this case, the Disability Determination and Transmittal (Form SSA-831-U5) was prepared and contains a RFC assessment, but it was not signed by a state agency physician. Therefore, the record contains no evidence that any medical equivalence review was conducted by a state agency physician. Magistrate Judge Hayes agreed with Price that only a lay examiner completed the Form SSA-831-U5 and acknowledged that "'longstanding policy requires that the judgment of a physician designated by the Commissioner on the issue of equivalence . . . must be received into the record as expert opinion evidence and given appropriate weight.'" Report and Recommendation [Doc. No. 19, at 6 (quoting Social Security Ruling 96-6p, 1996 WL 374180, at *3 (S.S.A. July 2, 1996))]. However, Magistrate Judge Hayes determined that the failure to obtain a review by a physician was harmless error because the ALJ did not rely on the Form SSA-831-U5 (which was outdated), but engaged in her "own independent equivalency determination based on the record as a whole." Report and Recommendation [Doc. No. 19, at 7].

As correctly argued by Price, a medical equivalence determination "must be based on medical findings" and on "medical evidence only" and entails consideration of the medical opinion of a state agency medical consultant, who "must be a physician." 20 C.F.R. § 404.1526(b) & (c). When a SSA-831-U5 form has been signed by a state agency physician, it is an assurance that "consideration by a physician . . . has been given." Social Security Ruling 96-6p, 1996 WL 374180 at *3.

Similarly, with regard to Price's specific impairment, the Social Security regulations require the Commissioner to "consider a medical equivalence determination" when trying to

ascertain whether a cardiac impairment met or equaled a listed impairment. 20 C.F.R. Part 404, Subpt. P, App. 1, § 4.00(A).

The ALJ had no medical equivalence determinations to rely on in this case. No initial review was conducted by a state agency physician, and no medical equivalence determination was made whether Price's cardiac impairment met or equaled a listed impairment. It is not within the purview of an ALJ to conduct her own medical equivalence determination by interpreting complex and lengthy medical records herself. *See Frank*, 325 F.3d at 622 (citing *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) for the proposition that ALJ's "'must be careful not to succumb to the temptation to play doctor . . . The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong.'")

Where the record is devoid of any satisfactory analysis of functional capacity by a physician or an expert, the ALJ is required to consult with a medical expert to determine a claimant's RFC. The ALJ failed to perform this requisite step in the analysis and improperly rejected the only medical opinion she had, that of Price's treating cardiologist. If the ALJ found Dr. Gonzalez's medical opinion to be inconsistent with notes in her records, then the ALJ could and should have sought "clarification or additional evidence" from Dr. Gonzalez. *Newton*, 209 F.3d at 453. Instead, she rejected Dr. Gonzalez's opinion without any other medical opinion evidence from a physician who personally examined or treated Price. *See id.* Under these circumstances, the Commissioner's decision that Price retained the RFC to perform sedentary work was not based on sufficient medical evidence and is not substantially justified.

## III. CONCLUSION

For the foregoing reasons, the Court DECLINES TO ADOPT the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation [Doc. No. 9]. The Court ORDERS that the final decision of the Commissioner be reversed because the ALJ improperly applied the relevant legal standards and the decision is not based on substantial evidence. The Court REMANDS the case to the Commissioner for further proceedings consistent with this Ruling.

MONROE, LOUISIANA, this _5_ day of _December_, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE